Reilly Tar and Chemical Corporation, Now Known as The Reilly Corporation, Appellant, v. Francis J. Lewis, Appellee.

Gen. No. 41,697.

86

Heard in the third division of this court for the first district at the April term, 1941. Opinion filed January 7, 1942. Rehearing denied January 22, 1942. Released for publication June 8, 1945.

Published in full by order of the court. (Abstract opinion 312 Ill. App. 654.) See also case reported on p. 117, post.

W. M. KEELEY and ROYAL W. IRWIN, both of Chicago, for appellant.

A. B. MANION, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On April 24, 1933, plaintiff filed its declaration against Francis J. Lewis and William H. Lewis, and on June 25, 1936, plaintiff filed its amended declaration. In the amended declaration the cause was discontinued as to William H. Lewis. The action was upon a contract and plaintiff alleged that defendant agreed to pay one half of certain income taxes claimed by the United States Government against plaintiff and defendant upon settlement of the claims, and that settlement was accordingly made. After the court overruled a demurrer to the first count of the declaration, issue was joined. The trial was commenced on May 9, 1938. At the close of plaintiff's proofs the court sustained defendant's motion to direct a verdict and judgment was entered against plaintiff, who prosecuted an appeal to this court. In an opinion filed on October 25, 1939 (301 Ill. App. 459), we held that plaintiff made out a prima

facie case. We reversed the judgment and remanded the cause. The cause was redocketed and the second trial commenced on October 14, 1940. On October 25, 1940, during the argument to the jury, defendant was granted leave to file "an amendment to the defendant's special defenses," which reads:

"And for further defense this defendant says that the alleged agreement set forth in plaintiff's declaration was cancelled and rescinded by the mutual consent of the parties to the said alleged agreement on or about June 20th, 1928, and before any of the alleged parties to said agreement had acted thereon."

The trial resulted in a verdict against plaintiff. The court overruled plaintiff's motion for a new trial and entered judgment on the verdict for the defendant. This appeal followed. We refer to our opinion in the previous appeal to avoid repeating matters there discussed.

The first point urged by plaintiff is that the court erred in permitting the reading to the jury as impeachment of witness Walter S. Orr, the questions and answers from a deposition taken at New York City in January 1936. Plaintiff asserts that of the forty questions and answers read for the purpose of impeachment, not one was contradictory or inconsistent; that twelve were not read to the witness on his cross-examination, nor shown to him, and as to eleven such questions the witness said he would now testify the same way, and that the form of the questions constituted merely a memory test. Plaintiff declares that the method of examination followed by the defendant shows an absence of the elements which must be found in impeaching proof. These elements, plaintiff contends, are: (a) statements read as impeachment must be contradictory to and inconsistent with the testimony given in the trial; (b) such contradiction or inconsistency must be as to material matters; (c) the earlier

statements must be read or shown to the witness, and (d) the witness must deny making the earlier statements. Defendant meets these contentions by the statement that plaintiff objected only to the last question read into the record as impeachment. Defendant maintains that in any event, the impeaching questions were proper, that they were in compliance with the recognized practice, that the witness was evasive, and that defendant properly brought to the attention of the jury previous contradictory statements. The purpose of impeaching a witness is to show that he is not worthy of belief. We agree with the plaintiff in its statement of the elements which must be found in impeaching proof. However, when a witness is asked whether he made statements different from his testimony on the trial, and the time and place and language are specified and he states he does not recollect, the other party may prove that he did make such statements. We are of the opinion that plaintiff objected in due time. It is apparent that the court understood the objections. The trial judge, after overruling the objections of plaintiff's attorney, announced that he would let the jury decide whether or not the questions were impeaching. It was the court's duty to decide, as a matter of law, as to the admissibility of such evidence. As to several questions and answers read to the witness from the deposition, defendant asked, "Do you remember that question and answer?" The witness answered that he did not recollect. This was merely a memory test. He did not deny giving any of the answers. As to some of them he replied that probably he did so answer, and as to others that he would now so answer. After a careful study of the record, we are convinced that the court was in error in permitting the reading to the jury as impeachment of witness Orr, the questions and answers from the deposition taken in January 1936.

Plaintiff maintains that the court erred in permitting the introduction in evidence of the written con-

tract between defendant and International Combustion Engineering Corporation, executed in June 1927, as well as the contract preliminary thereto. Defendant asserts that plaintiff was not a party to the contract, that its interests were not affected thereby and that it was not bound by it in any way. The chief contention in this case is whether the contract of May 25, 1928 was between plaintiff and defendant, or the International Combustion Engineering Corporation and defendant. In ruling on the admissibility of evidence, the court must view the contentions of the respective parties. The two contracts are admissible as showing the background of the agreement of May 25, 1928, and also as tending to show the motives of the parties in their subsequent conduct. The court was right in admitting these documents.

Plaintiff criticizes the ruling which permitted defendant to testify as to what his attorneys told him concerning a conference with representatives of the Government on May 25, 1928. On direct examination defendant testified about statements which he made to Hunter in New York City in June 1928. Over objection he was permitted to relate what he told Hunter as statements made to him (Lewis) by his attorneys Ryan and Lux regarding what occurred at the conference at the Revenue Bureau in Washington on May 25, 1928, following the hotel conference of that date. Plaintiff contends that in that way defendant got into the record and before the jury what he alleged to be statements made to him by Ryan and Lux who were not witnesses in the case, nor subject to cross-examination. Hunter was an officer of plaintiff corporation. The alleged conversation with Hunter was admissible. Plaintiff also contends that the court erred in permitting defendant to testify as to what Learnard said to defendant at the office of Hunter in New York. Learnard was the president of the International Combustion Engineering Corporation. He

was not, however, an officer of plaintiff corporation. The record does not show that he was authorized to act in behalf of plaintiff corporation. There was a close relationship between the two corporations. The International Combustion Engineering Corporation owned all of the stock of plaintiff. The conversation between defendant and Learnard took place in the presence of Hunter (who, at the time, was an officer of plaintiff). Our view is that this testimony was admissible.

Plaintiff urges that the court erred in permitting the introduction of the deposition testimony of Daly and Charest and certain exhibits in support of a contention by defendant that the tax settlement of 1928 was reopened and annulled by action of the Government in 1933 making deficiency assessments against him for several years; also that the 1932 offer in compromise was a reopening of the 1928 settlement as to plaintiff. A careful consideration of the respective contentions convinces us that the 1928 settlement disposed of the appeals then pending and nothing else. The claims presented by the Government subsequent to 1928 were new claims and had nothing to do with the settlement effected in 1928, which is the subject matter of the instant case. We find, as a matter of law, that there is no competent evidence that the settlement made in 1928 was disturbed. The introduction of the testimony of Daly and Charest, the testimony of Hunter on the same subject, and the various exhibits relating thereto, could serve only to confuse the jury and should not have been admitted. Plaintiff also urges that the court erred in refusing to permit plaintiff to introduce on rebuttal the deposition testimony of witness Orr and four exhibits, to show that the transaction in 1932 was not an opening up or setting aside or disturbance of the settlement in 1928 and to meet the proof in Daly and Charest depositions. We have indicated that the testimony of Daly, Charest and Hunter on this point

and the exhibits thereon should not have been admitted. The court, having allowed defendant to introduce the testimony and exhibits relating to the alleged opening up of the 1928 settlement, should have permitted the plaintiff to introduce the proffered testimony in rebuttal. Plaintiff insists that the court erred in refusing to permit it to introduce the Boynton and Hayes depositions and plaintiff's exhibit No. 801 as rebuttal proof against the evidence produced by defendant. Defendant introduced a letter written by Hunter dated April 27, 1929, wherein he called attention to the agreement dated May 25, 1928, between defendant and the International Combustion Engineering Corporation, and requested defendant to pay his share in the sum of $211,247.44. Exhibit No. 801 was a journal entry made in the record of plaintiff corporation in March 1929, setting up this item of $211,247.44 as a charge against defendant. It was proper rebuttal evidence and should have been admitted. Plaintiff argues that the court erred in sustaining objections by defendant to questions asked by plaintiff of defendant Lewis, and also in overruling objections by plaintiff to questions asked by counsel for defendant as shown on certain pages of the record. Defendant answers the criticism by saying that the plaintiff does not attempt to show by way of explanation or argument how it was injured in any way by the rulings complained of, and that plaintiff is not entitled to have the court pass on wholesale objections not supported by explanations, arguments or authorities. Plaintiff replies by asserting that the errors in these rulings are of such number and appear so frequently in the record that to present them separately with a statement of the situation bringing out the error in each case would have unduly lengthened the brief. After a careful study of the record we are satisfied that the court did unduly restrict the plaintiff in his examination of the defendant. We are also of the opinion that the court was in error in

overruling the objections by plaintiff to some of the questions asked by counsel for defendant; for instance, William H. Lewis was asked whether he delivered certain checks in payment of income taxes to the Collector of Internal Revenue in reliance on an alleged agreement between defendant and plaintiff. The court overruled the objection of plaintiff and the witness answered in the negative. William H. Lewis was not conversant with the situation. Any information he had was necessarily derived from others. The question invaded the province of the jury and allowed the witness to decide the chief issue in the case. As appears from page 2026 of the record defendant as a witness was permitted to invade the province of the jury by giving his conclusion that the written agreement entered into at Washington on May 25, 1928 was with the International Combustion Engineering Corporation. On page 2027 a like error appears. As appears on page 2075 the court erroneously permitted defendant to state his construction of the agreement of May 25, 1928. Plaintiff complains about the action of the court in admitting defendant's exhibits Nos. 8, 30, 31, 34, 35 and 37. The court did not err in admitting exhibits Nos. 8, 30 and 31. The court should not have admitted exhibits Nos. 34, 35 and 37. As heretofore stated, the last three exhibits would serve only to confuse the jury.

Plaintiff further contends that the court should not have permitted defendant to file his "amendment to defendant's special defenses" on October 25, 1940, at the close of the trial. This is the amendment which avers that the alleged agreement pleaded in plaintiff's declaration was cancelled and rescinded by mutual consent of the parties on or about June 20, 1928. We have ruled that the testimony by defendant as to conversations in New York in June 1928 was admissible. We find that the granting of permission to file the amendment was within the discretion of the court. Plaintiff

also complains of the action of the court in striking the second count of plaintiff's amended declaration, consisting of the common counts. We are of the opinion that the court was in error in striking the common counts. We do not believe that such action affected the substantial rights of plaintiff, as the first count of the amended declaration fully presented its case. Plaintiff urges that the court erred in striking from the first count of its amended declaration the clause, "and that the said F. J. Lewis and W. H. Lewis would reimburse the plaintiff, and the plaintiff would reimburse the said F. J. Lewis and W. H. Lewis for any such additional taxes and interest thereon assessed and paid by it or them in excess of one half of such aggregate amount." We agree with plaintiff that the court should not have striken this clause. However, as in the striking of the common counts, this action did not harm plaintiff. The clause merely sought to state the obligation arising from the matters alleged.

Plaintiff urges that the court erred in giving instructions and in refusing to give instructions, and supports this assignment of error by argument and citation of authorities. Defendant responds by saying that plaintiff is in no position to urge that the giving or refusal of any instruction was error because no specific objection was interposed by the plaintiff. Defendant does not discuss the instructions, or attempt to meet the argument of plaintiff, except to point out that no specific objection was interposed. The record does not show that plaintiff objected to the giving or refusal to give any instruction prior to the time when it filed a motion for a new trial. In the motion for a new trial it did present the same objections as are now presented as to the instructions. The point made by defendant was passed on by the Supreme Court in the case of *Department of Public Works & Buildings v. Barton,* 371 Ill. 11. Under the doctrine of that case it

is unnecessary at the present time to object or except to the giving or refusal of instructions before the jury retire to consider their verdict. A litigant may object to the giving or refusal of instructions in his motion for a new trial. Having so objected, a court of review will pass on the points raised. The court refused to give plaintiff's instruction No. 1, which presents the "ratification and adoption theory" discussed in our previous opinion. We agree that plaintiff has the right to have this theory presented to the jury and that the instruction should have been given. Plaintiff also insists that the court erred in refusing to give plaintiff's instruction No. 11, which told the jury that the plaintiff was not a party to the written contract between defendant and International Combustion Engineering Corporation, relating to the sale by defendant of stock in plaintiff corporation, and that the claims asserted by plaintiff and plaintiff's right of action, if any, were not affected by the sale and the contract made between defendant and International Combustion Engineering Corporation. Plaintiff had the right to an instruction that it was not a party to the sale contract between defendant and International Combustion Engineering Corporation. The balance of the instruction, however, would tend to confuse the jury, and the court did not err in marking it "refused." Plaintiff also contends that the court erred in giving defendant's instruction No. 1. This instruction undertakes to outline the pleaded claims of plaintiff. The instruction omits any reference to that part of the declaration setting out the written memorandum of May 25, 1928. This instruction also tells the jury that one of the defenses is that the alleged contract was rescinded by the mutual consent of the contracting parties before it was acted upon. The instruction does not indicate who the contracting parties were. It also tells the jury that the agreement mentioned in plaintiff's declaration con-

templated a settlement of defendant's tax liability for certain years including 1917 to 1920, inclusive, and that such settlement was not effected pursuant to the alleged agreement, but was effected by the independent action of the defendant in the year 1934. Our discussion of this subject in another part of the opinion necessarily condemns this instruction. Instructions similar to defendant's instruction No. 4 have been criticized by our courts of review. Defendant's instruction No. 8, in referring to the written agreement of May 25, 1928, states that they are to be construed "against the party for whom or on whose behalf they are prepared, and that if ambiguous the jury is to adopt a construction more favorable to the defendant in this case." This instruction is misleading and confusing. Defendant's instruction No. 10 should not have been given. It could only serve to confuse the jury. Defendant's instruction No. 11 is confusing in that it assumes that the evidence might prove that there was an agreement entered into between defendant and Hunter. Hunter acted only as an agent for the plaintiff or International Combustion Engineering Corporation. Defendant's instruction No. 12 is on the subject of fraud. It leaves out the essential elements that constitute fraud and should not have been given. Defendant's instruction No. 13 tells the jury that express proof of fraud is not required and that fraud may be proved by circumstantial evidence as well as by positive proof. This is an abstract instruction and is misleading. Instructions No. 12 and 13 should not have been given for the further reason that the record does not show that there was any fraud. In view of our criticism of the attempt to impeach the witness Orr, defendant's instruction No. 14 is erroneous. Instruction No. 17 is subject to the same criticism. Defendant's instruction No. 20 is erroneous in that it ignores the ratification and adoption theory of plaintiff. Plaintiff complains that defendant's instructions Nos.

7, 26 and 27 emphasize defendant's claim that he made no contract with plaintiff, but was contracting with the International Combustion Engineering Corporation, and calls attention to cases which hold that the practice of giving an excessive number of instructions has been condemned. We agree with this criticism. Defendant's instruction No. 25 informs the jury that if they believe that after May 25, 1928, the contract was rescinded or cancelled by the consent of the contracting parties, they should find for the defendant. There was evidence of rescission consisting of the testimony of defendant as to a conversation in June 1928, in which he repeated to Hunter and Learnard what had been told to him by Ryan and Lux concerning the conferences with representatives of the Government on May 25, 1928. Plaintiff also argues that this testimony is not worthy of belief. The latter part of the objection to this instruction is in reality leveled at the character of testimony on which the instruction is based. Instruction No. 28 is bad as it leaves to the jury the construction and effect of the power of attorney. The construction of the power of attorney was for the court. Plaintiff also argues that counsel for defendant was guilty of improper and prejudicial conduct during the trial. Defendant replies by saying that as plaintiff did not object then, he cannot be heard to complain now. In this respect, we agree with defendant.

Finally, plaintiff insists that the verdict is contrary to the manifest weight of the evidence. Because of the errors discussed, requiring a reversal of the judgment, it is unnecessary to consider whether the verdict is manifestly against the weight of the evidence. Defendant assigns as cross-error the action of the court in sustaining plaintiff's special demurrer to defendant's plea of the Statute of Limitations to Count No. 1 of the amended declaration. This point was urged by defendant on a previous appeal and rejected as being without merit. On this subject we adhere to the views

expressed in the previous opinion. Because of the errors pointed out, the judgment of the circuit court of Cook county is reversed and the cause remanded with directions for further proceedings not inconsistent with this opinion.

*Reversed and remanded with directions.*

HEBEL and KILEY, JJ., concur.