**People of the State of Illinois, Plaintiff-Appellee, v. Danny Witcher, Defendant-Appellant.**

**Gen. No. 53,150.**

First District, Third Division.

February 5, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John R. McClory, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, Danny Witcher, was charged with the crimes of armed robbery and burglary. After a bench trial, he was found guilty of both crimes, and was sentenced to 2 to 15 years for each crime, both sentences to run concurrently. On appeal, defendant contends that he was not proved guilty of the crimes beyond a reasonable doubt; that the out-of-court identification was so unduly suggestive as to violate due process; that the burglary information was fatally defective in that it failed to allege the possession or ownership of the premises in question; that proof of ownership of the premises was at fatal variance with the information; and that the court erred in imposing separate sentences for crimes arising out of the same conduct.

On April 13, 1967, Edmund Kwiatkowski was employed at a Clark Oil Yard and Refinery located at 131st and Kedzie in Blue Island, Illinois. Various company material, including wire, was stored at the yard. At about 10:15 p. m., Kwiatkowski was making his rounds and was in the process of checking the electrical switch building. When he opened the door, a man ran behind one of the panel boards and Kwiatkowski started after him. Another man with a gun told him to stop where he was.

There were three men, and they tied Kwiatkowski up and went through his wallet. Clarence Patno, along with another employee of Clark Oil, arrived at work about 11:00 p. m. When they entered the office, their wallets were searched at gunpoint. At trial Kwiatkowski and Patno both identified defendant as the person who held the gun. After Patno arrived, the robbers forced the three employees to push a 400-pound reel of copper wire and load it into a 1957 Buick. The robbers then drove off in the Buick.

When the police arrived, Kwiatkowski gave them the license number of the Buick. He testified that on his way home, he noticed a 1957 Buick with the license number he had given to the police. He went to the police station and returned with two officers. A man whom he identified as defendant was sleeping in the automobile.

Defendant testified that at about 11:00 p. m. on the night in question he was standing in front of a tavern when his brother-in-law pulled up in a 1957 Buick. Defendant asked for a ride home, but the brother-in-law said that he was going into the tavern for a few minutes. Since the tavern owner would not permit him to enter his establishment, defendant waited in the car and fell asleep. Some police officers woke him up and took him to their car. Defendant also testified that Kwiatkowski was sitting in the car, but was unable to identify him. The police released him, but a few minutes later another officer apprehended him and forced Kwiatkowski to identify him as one of the robbers. He was taken to the police station, where two other men observed him but were unable to identify him.

Defendant first contends that he was not proved guilty of the crimes, arguing that the identification was weak. ■ The sufficiency of an identification ordinarily raises a question of credibility which is to be determined by the trier of fact. People v. Jackson, 28 Ill2d 566, 192 NE2d 873 (1963).

60

 In the instant case, two men who had an excellent opportunity to observe the robbers positively identified defendant as one of the perpetrators. Defendant has not pointed out, nor have we been able to find anything contradictory or inconsistent in the testimony of either of these eyewitnesses. We find no merit in defendant's argument that the State's failure to call a rebuttal witness left defendant's testimony that Kwiatkowski was unable to identify him uncontradicted. Kwiatkowski's testimony as to the manner in which he identified defendant was clearly contradictory to the testimony of defendant. An issue of fact was raised, and the trier of fact believed Kwiatkowski rather than defendant. We can find no error in that determination.

Defendant next contends that the identification procedure was highly suggestive so as to render the in-court identification by Kwiatkowski inadmissible. He argues that the one-man showup was unconstitutional and that the repeated confrontation was most prejudicial.

 The lack of a lineup, in light of the circumstances, was not prejudicial to defendant. See Stovall v. Denno, 388 US 293 (1967). Kwiatkowski observed the automobile in question shortly after the crimes had been committed and led the police to its location, thus himself initiating the arrest and identification. There was nothing improper in that procedure. There was a repeated confrontation between Kwiatkowski and defendant only if defendant's testimony concerning the events were to be believed. However, as we have stated, the trial court did not abuse its discretion in rejecting defendant's testimony and in believing Kwiatkowski.

Defendant also contends that the burglary information was fatally defective in that it did not allege possession or ownership of the premises in question.

The information in the instant case charged defendant with the crime of burglary "in that he without authority

61

knowingly entered into the Clark Oil Refining Building with intent to commit therein a theft."

It is well settled that an indictment for burglary must allege the ownership of the building in question; otherwise it is fatally defective. The People · v. Picard, 284 Ill 588, 120 NE 546 (1918); The People v. Walker, 7 Ill2d 158, 130 NE2d 182 (1955); The People v. Furman, 26 Ill2d 334, 186 NE2d 262 (1962); People v. Jamison, 92 Ill App2d 28, 235 NE2d 849 (1968).

We find that the information in the case at bar failed to allege either a possessory or ownership interest in the premises in question, and in the light of the cases above cited, we must conclude that the information was fatally defective. The only possible reference made to possession or ownership was that it was the Clark Oil Refining Building. However, merely setting forth such a descriptive name was clearly inadequate to indicate ownership or possession of the building. Nor is the omission corrected by inserting the address of the premises in the information.

A case cited by the State, The People v. Stewart, 23 Ill2d 161, 177 NE2d 237 (1961), is distinguishable from the case at bar. In that case the information charged that the defendant unlawfully entered a building "then and there occupied and in the possession of 'Golden Cream Dairy Inc.'" While reiterating the principle that it was necessary to allege that the building entered was in ownership or possession of another, the court held that the complaint obviously did so charge. However, in the instant case, the information failed to allege any possessory interest in another person or entity.

Since we find that the burglary information was fatally defective, it is unnecessary to consider defendant's other assignments of errors concerning the burglary conviction.

Accordingly, the judgment of conviction as to armed robbery is affirmed; the judgment of conviction as to burglary is reversed.

Affirmed in part, reversed in part.

DEMPSEY, P. J. and SCHWARTZ, J., concur.