THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL E. MARSHALL, Defendant-Appellant.

(Nos. 55604, 55731 cons.; )

First District—January 30, 1973.

Gerald W. Getty, Public Defender, of Chicago, (Justine I. Knipper and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Michael T. Solovey, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This appeal is from a bench-trial judgment that convicted defendant of armed robbery and sentenced him to serve 5 to 10 years. Three issues are presented. (1.) Whether it was error, requiring reversal, not to have provided defendant with counsel at his preindictment lineup. (2.) Whether it was error for the trial court to disregard the evidence of defendant's alibi. (3.) Whether defendant was proven guilty beyond a reasonable doubt.

On January 15, 1970 at about 12:15 A.M., Dorothy Toney and Nellie Smith were seated in Dorothy Toney's automobile, parked in front of Nellie Smith's apartment in Chicago. A man walking in the middle of the street approached them. He went by, stopped and beckoned to another man, returned to the automobile, opened the door and said to the two women, "Get out, this is a stickup!" Two or three minutes later, the man took Dorothy Toney's purse with approximately $90 in cash, some personal property and a duplicate set of keys to her automobile. The police were called and the women gave them a description of the robber.

A week later, on January 22, Dorothy Toney parked her automobile near her home and when she looked for it a short time later, it was gone. The automobile was found in Detroit, Michigan. On Friday, January 30, 1970, Chicago police officers showed Dorothy Toney and Nellie Smith a group of six or eight pictures. Each picked out a photograph of the defendant.

In Chicago, on March 15, 1970, defendant was detained and interrogated by two policemen in a matter unrelated to this case. It was determined that defendant was being sought for the offenses committed against Dorothy Toney. Defendant was arrested and taken to a police station where, without a lawyer present, he was put in a three-man lineup from which Dorothy Toney identified him as the man who robbed her during the early morning hours of January 15, 1970. Defendant contends that this identification procedure, without the benefit of counsel, vitiates his conviction.

■■ In *Kirby v. Illinois* (1972), 406 U.S. 682, 689, 32 L.Ed.2d 411, 92 S.Ct. 1877, it was held that an accused person is not entitled to counsel at an identification confrontation that takes place prior to "* * * initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." Even before *Kirby*, this was the rule in Illinois. (*People v. Palmer*, 41 Ill.2d 571, 244 N.E.2d 173.) In this case, the record shows that defendant's confrontation with Dorothy Toney at the lineup identification occurred before he was formally charged. Therefore, failure to provide him with counsel at his preindictment lineup was not error that in any way affects his conviction. See *People v. Brown*, 6 Ill.App.3d 500, 285 N.E.2d 515.

The defense was an alibi. Defendant and three witnesses testified that at the time of the robbery in question, he was in his home at 12644 Stovel, Detroit, Michigan. Despite this evidence, the court found him guilty. Defendant contends that it was error for the trial court to disregard his alibi evidence. He relies on the principle that evidence of an alibi cannot be disregarded where the only evidence contradicting it rests on the identity of the defendant as the person who committed the crime charged. *People v. Gooden*, 403 Ill. 455, 461, 86 N.E.2d 198.

■■ This case, however, in contrast with *Gooden*, is not one in which the evidence of alibi was contradicted only by evidence of identity. Actually, defendant's alibi witnesses contradicted each other. Defendant, for example, had to admit that although a Detroit resident, he was in fact arrested in Chicago, under highly incriminating circumstances. To weaken his alibi further, defendant's lawyer, in cross-examining Dorothy Toney and Nellie Smith, drew from them testimony that Dorothy Toney's

automobile was found in Detroit, in defendant's possession.[1] Moreover, the answers he gave to questions concerning his whereabouts at the time of the robbery, his job, his hours of work and how he was paid, were evasive and contradictory of his wife's testimony. In short, evidence of defendant's alibi raised questions concerning the credibility of his witnesses. This being so, it was the function of the trial court, as trier of the facts, to determine the weight that was to be given the testimony of alibi witnesses and the inferences to be drawn from what they said under oath. (*People v. Renallo*, 410 Ill. 372, 376, 102 N.E.2d 116; *People v. Watkins*, 46 Ill.2d 273, 263 N.E.2d 115.) And in performing this function, the trial judge did not have to believe defendant's alibi rather than the positive identification of him by prosecution witnesses, even though the alibi testimony was given by a greater number of witnesses. (*People v. Setzke*, 22 Ill.2d 582, 586, 177 N.E.2d 168; *People v. Orozco*, 4 Ill.App.3d 1052, 282 N.E.2d 756.) Therefore, we conclude that it was not error for the trial court to disregard the evidence of defendant's alibi.

The prosecution called three witnesses: Dorothy Toney, Nellie Smith and James Anderson, the arresting officer. Dorothy Toney testified that the robbery on January 15, 1970 occurred under advantageous lighting conditions: a fresh blanket of snow on the ground, two street lamps within 10 feet lighting the area and an interior light brightening the inside of her automobile. She had two or three minutes to observe the robber. During the holdup, he was a foot and a half from her face. Thus she was able to look at him and retain an impression of his appearance. When the police came, she gave them this description of the man: he was young, in his early twenties, a medium-complexion Negro with processed hair, very thin (he weighed about 135 pounds), was 5 feet 8 or 9 inches tall, and neatly dressed in a black three-quarter length man-made fur coat. Nellie Smith corroborated this testimony by saying that she observed the robber for about three minutes and then gave the police this description of the robber: he was neatly dressed in a black fur-like three-quarter length coat, clean shaven with processed hair, 5 feet 10 in height and weighed about 148 pounds. The arresting officer, James Anderson, the State's last witness, described defendant's appearance when he was arrested. As to hair style, he said that defendant was wearing a "process" and had a thin mustache. In court, at the time of trial Anderson

---

[1] Defendant was indicted for armed robbery of Dorothy Toney on January 15, 1970 and theft of her automobile on January 22, 1970. After hearing the evidence, the trial court acquitted defendant of theft but found him guilty of armed robbery. The acquittal of theft had no effect on the testimony that tended to establish that defendant had possession of the Toney automobile. Compare *People v. Haran*, 27 Ill.2d 229, 188 N.E.2d 707; *People v. Garcia*, 3 Ill.App.3d 365, 279 N.E.2d 741.

observed that defendant was wearing a "natural"[2] and had a goatee and a thicker mustache.

The defense called four witnesses: defendant, his wife, Dolores Marshall, Eloise Williams and William Palmer. Each testified that on January 15, 1970, defendant was in his home in Detroit, Michigan; that he was not clean shaven but instead had a goatee and a mustache; he did not own a three-quarter man-made fur coat. Eloise Williams said that in the last year or two that she had known defendant, "* * * he usually wears his hair processed." A picture of defendant, taken in the Cook County jail the day after his arrest, showed him with discernible goatee and a mustache. From defendant's testimony, the photograph and the jail record card, it was shown that defendant was 25 years old, a Negro whose complexion could be described as medium complexioned or dark brown, 6 feet tall and weighed 175 pounds.

In their testimony, Dorothy Toney and Nellie Smith disclosed that on January 30, 1970 Chicago policemen showed them some photographs. Out of each other's presence, neither knowing what the other had done, each picked out the same picture. It was a photograph of the defendant. Then, after defendant was arrested on March 15, 1970, Dorothy Toney, without hesitation, identified him from a police lineup. When they gave testimony in court and identified defendant, Dorothy Toney and Nellie Smith were positive and certain that he was the man who committed the robbery on January 15, 1970. During persistent cross-examination, Dorothy Toney explained that when she picked out defendant's picture, although there was nothing striking about his features, "* * * I just remembered that that was the man. Well, I remembered what he looked like and from that picture that that was the man." As to the lineup identification, she was asked if there was anything unusual about defendant's features that stood out and enabled her to identify him. Her answer was, "Well, no, because he was just the opposite of what he was when I first seen [sic] him, but I did recognize him. * * * [I]t was the same person."

There was unquestionably a variance between the description of the robber given by Dorothy Toney and Nellie Smith and defendant's ap-

---

[2] Processing is the action of chemical relaxers that soften and relax the curl in human hair. Kibbe, *Standard Textbook of Cosmetology* (Milady Publishing Corp., 1967) p. 482. This method is used to create a "process." Colloquially, a "process" is a style of hairdress in which the hair is straightened. When completed, processed hair has a luster with a molded appearance. Process is considered an old fashioned method of removing the natural curl from the hair by a highly alkaline product. Letter from Bernice Calvin, Publisher, *Beauty Trade*, to the Honorable George N. Leighton, Judge of the Illinois Appellate Court, January 16, 1973.

A "natural" is a style of hairdress in which the hair, with no pomades, chemicals or gloss, is allowed to grow into a bushy appearance.

pearance, as shown by the evidence. Defendant contends that this variance so weakened the State's evidence of identification that he was not proven guilty beyond a reasonable doubt.

■■ We do not agree with this contention. With defendant's alibi in mind, whether he was the robber described by Dorothy Toney and Nellie Smith; whether they had mistakenly estimated his height, weight, the color and condition of his face; whether in the interval between January 15, 1970, when they claimed they saw him and August 27, 1970, when he went to trial, defendant's appearance changed from that described by the two women, were questions of fact concerning his appearance. (See *People v. Reilly*, 348 Ill. 153, 180 N.E. 805; Sobel, Eyewitness Identification §§ 70.02, 70.03.) These questions were for the trier of the facts, the trial court in this instance. (*People v. Gallegos*, 80 Ill.App.2d 105, 224 N.E.2d 631; *People v. Dandridge*, 4 Ill.App.3d 864, 282 N.E.2d 18.) After its decision we will not disturb the trial court's findings unless the proof is so unsatisfactory or implausible that it creates a reasonable doubt concerning defendant's guilt. (*People v. Means*, 27 Ill.2d 11, 187 N.E.2d 679.) Examination of the evidence leads us to conclude that the proof is not unsatisfactory or implausible. On the contrary, it is our judgment that the evidence proved defendant guilty beyond a reasonable doubt. *People v. DeSavieu*, 120 Ill.App.2d 45, 256 N.E.2d 80; *People v. Witcher*, 121 Ill.App.2d 57, 257 N.E.2d 149. The judgment is affirmed.

Affirmed.

STAMOS, P. J., and SCHWARTZ, J., concur.