(No. 12127.—Judgment reversed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OSCAR J. PICARD, Plaintiff in Error.

*Opinion filed October 21, 1918.*

1. CRIMINAL LAW—*insufficient indictment will not support conviction.* An indictment or information must allege all the facts necessary to constitute the crime with which the defendant is charged, and if it does not set forth such facts with sufficient certainty it will not support a conviction.

2. SAME—*an indictment for burglary must allege ownership of building.* Unless otherwise provided by statute an indictment for burglary must allege the ownership of the building broken into or entered, if it is known, or it will be fatally defective.

3. SAME—*it is not sufficient merely to allege the evidence of ownership.* While an indictment for burglary may allege the ownership of the building in the occupant, whose possession is rightful as against the burglar, yet it is not sufficient merely to allege the evidence of ownership.

4. SAME—*rule where indictment charges burglary with intent to commit larceny.* In an indictment for burglary, where it is charged the breaking and entering were with the intent to commit larceny, the indictment must allege the intent was to steal the property of some person, and if the ownership is unknown it must be so stated.

5. SAME—*rule as to alleging ownership where the ownership is vested in a body of persons.* In an indictment for larceny of property belonging to a body of persons the ownership should not be alleged to be in such body unless it is incorporated but should be described as belonging to the individuals composing the body.

6. SAME—*when allegations of ownership of a freight car and·
property are insufficient.* An indictment for burglary of a freight
car and the larceny of a quantity of meat is defective where the
only allegations as to ownership are that the car was in the pos-
session of a certain named railroad company and was a refriger-
ator car, "then and there being a Cudahy Milwaukee Refrigerator
Line car numbered two thousand thirty-five," and that the property
stolen was in the possession of the named railroad company.

Separate opinion by CARTER, J.

WRIT OF ERROR to the Circuit Court of Champaign
county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

ENOCHS & KERKER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, LOUIS A.
BUSCH, State's Attorney, and EDWARD C. FITCH, for the
People.

Mr. JUSTICE COOKE delivered the opinion of the court:

Oscar J. Picard, plaintiff in error, was convicted in the
circuit court of Champaign county of the crime of burglary
and larceny and sentenced to the penitentiary. Motions to
quash the indictment and in arrest of judgment were over-
ruled. By this writ of error the sufficiency of the indict-
ment, only, is questioned.

The record contains no bill of exceptions. The plaintiff
in error was charged with having broken into a railroad
freight car and having stolen a quantity of meat. The sole
contention is that the indictment was faulty because it did
not allege the ownership of the car or of the property stolen.

The first count of the indictment charged that the plain-
tiff in error "unlawfully, feloniously, burglariously, will-
fully, maliciously and forcibly did break and enter a certain
railroad freight car then and there being used by and in
the possession of the Illinois Central Railroad Company, a
corporation, said railroad freight car then and there being
a Cudahy Milwaukee Refrigerator Line car numbered two

thousand thirty-five, (2035,) which said railroad freight car was there situate, with intent the personal goods, chattels, money and property in the said railroad freight car and in the possession of the Illinois Central Railroad Company, a corporation, in the said railroad freight car then there being, then and there feloniously and burglariously to steal, take and carry away, and [describing certain goods and chattels] all of said goods, chattels and property then and there being in the possession of the said Illinois Central Railroad Company, a corporation, and in the said certain railroad freight car then and there being found, then and there feloniously and burglariously did steal, take and carry away," etc. The second count is substantially the same as the first. The third count is the same as the first, except that it alleges that the doors of the freight car were open and that the car was known as a Cudahy Milwaukee Refrigerator Line freight car.

An indictment or information must allege all the facts necessary to constitute the crime with which the defendant is charged, and if it does not set forth such facts with sufficient certainty it will not support a conviction. (*People v. Stoyan*, 280 Ill. 300.) Except in so far as the rule may be changed by statute, an indictment for burglary, whether it comes under the common law or under a statute, must allege the ownership of the building broken or entered, if it is known, or it will be fatally defective. (6 Cyc. 209.) This indictment contains no allegation of the ownership of the freight car alleged to have been entered or broken into. The allegation that the car was in the possession of and being used by the Illinois Central Railroad Company is not a sufficient allegation of ownership. Had the indictment expressly alleged that the car was owned by the Illinois Central Railroad Company, proof that it was in the possession of that corporation would have been sufficient *prima facie* to sustain the allegation of ownership. In an indictment for burglary the ownership of the building entered may be

laid in the occupant, whose possession is rightful as against the burglar. (*Smith* v. *People,* 115 Ill. 17.) It is not sufficient, however, in the indictment to merely plead the evidence of ownership, but the ownership must be specifically alleged.

The People contend that the indictment sufficiently alleges the ownership of the car in the Cudahy Milwaukee Refrigerator Line. Assuming that the allegation that the car "then and there being a Cudahy Milwaukee Refrigerator Line car" designates the ownership in that line, the indictment is still insufficient in failing to correctly describe the character of the refrigerator line. In *Wallace* v. *People,* 63 Ill. 451, the indictment charged that the property alleged to have been stolen was the property of the American Merchants' Union Express Company, and it was there held that the ownership of the property was defectively stated because there was no averment that the express company was a corporation. The recognized and well settled rule is that property vested in a body of persons ought not to be laid, in an indictment charging a party with the larceny of the same, as the property of that body unless such body is incorporated but should be described as belonging to the individuals composing the company. (*People* v. *Brander,* 244 Ill. 26; *People* v. *Krittenbrink,* 269 id. 244.) If the Cudahy Milwaukee Refrigerator Line is a corporation it should have been so alleged, and if it was merely an association the individuals composing the same should have been named. This allegation in the indictment was not a sufficient description of the owner of the car.

It is also contended by plaintiff in error that the ownership of the property alleged to have been stolen was not sufficiently alleged. In an indictment for burglary, where it is charged the breaking and entry were with the intent to commit larceny, the indictment must allege that the intent was to steal the property of some person. (*People* v. *Mendelson,* 264 Ill. 453.) In *Willis* v. *People,* 1 Scam. 399,

we held that it is well settled that in indictments for offenses against the persons or property of individuals the christian and surnames of the parties injured must be stated, if known. In cases where the owners are unknown it must be so stated. Just as in the matter of the ownership of the car, it was not sufficient to allege that the property stolen or attempted to be stolen was in the possession of the Illinois Central Railroad Company.

The indictment is fatally defective, and the judgment of the circuit court is therefore reversed.

*Judgment reversed.*

Separate opinion by Mr. JUSTICE CARTER:

If the former decisions of this court be followed I think the conclusion of the foregoing opinion must be upheld. If it were a matter of first impression, without any former decisions of this court on the question involved, I should be in favor of affirming the judgment of the trial court, particularly on the question as to the necessity of alleging in the indictment that the railroad company was incorporated. While in this and some other jurisdictions it has been held necessary in the indictment not only to describe by its corporate name the corporation owning the premises burglarized, but also to allege its incorporation, in my judgment the weight of authority, as well as reason and public policy, is to the contrary. (9 Corpus Juris, 1047, and cases there cited.) By section 9 of division 11 of our Criminal Code it is provided, in substance, that an indictment shall not be quashed for any matter not affecting the real merits of the offense charged in the indictment. Furthermore, I cannot see how the failure to allege the incorporation of the railroad company had any tendency to prejudice the plaintiff in error or how he was misled in any way by it. The Federal statutes on the form of indictments provide that no judgment upon an indictment shall be affected by reason of any defect or imperfection in matter of form

which shall not tend to the prejudice of the defendant, and
the United States courts have held that under this statute
the failure to allege in the indictment that a company was in-
corporated would not justify the indictment being quashed.
*Morris* v. *United States,* 229 Fed. Rep. 516, and cases cited.
See, also, *New York Central Railroad Co.* v. *United States,*
212 U. S. 481.

Notwithstanding the former decisions of this court on
this question cited in the opinion, if the sole responsibility
of deciding this question, even in the light of the former
decisions, rested upon me, I should be disposed to overrule
the former decisions on the ground of public policy.   I agree
fully with the reasoning that is frequently laid down by the
courts that stability and uniformity of decisions in judicial
tribunals conduce so much to the welfare and happiness of
the people that when a question has once been settled and
no positive rule of law has been violated or contravened and
no serious detriment is likely to arise prejudicial to the pub-
lic interest such adjudication ought to stand and be followed,
(*Koch* v. *Sheppard,* 223 Ill. 172; *Chicago Union Traction
Co.* v. *Jerka,* 227 id. 95;) but it seems to me that it is so
manifest that serious detriment to the public has arisen, and
will arise in the future, by following the line of authorities
holding that the omission to allege that the owner of the
property burglarized was incorporated when the name of
the company is set out in full, that if in rare cases the doc-
trine of *stare decisis* should be departed from this is one
of those cases.   Such a holding would in no way be injuri-
ous to those whose cases have heretofore been passed on in-
volving this question, and I cannot see how it would in any
way prejudice, in the future, the proper administration of
the criminal law.   On the contrary, it seems to me it might
well be argued that to now change the rule and construe the
statute as contended for by counsel for the State would tend
strongly to uphold the proper administration of justice in
our criminal courts.