(No. 35557.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. MICELLA JOHNSON, Plaintiff in Error.

*Opinion filed October 31, 1960.*

C. VERNON THOMPSON, of Chicago, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Micella Johnson, pleaded not guilty to an indictment that charged him with burglary. He waived a trial by jury, was found guilty after a trial by the court, and was sentenced to the penitentiary for a term of not less than ten nor more than thirty years.

The indictment charged that the defendant entered the dwelling house of Charles Dennis, with intent to steal the personal goods of said Charles Dennis. Upon this writ of error, the defendant contends that there is no evidence that Charles Dennis "owned or leased, or occupied or stored anything, on or in, the premises" and that the People have therefore failed to prove material averments of fact contained in the indictment.

Rosalie Nelson, the complaining witness, testified that she lived in an apartment with her sister and her brother-in-law, Charles Dennis, and that she and Charles Dennis paid the rent together. She testified that the defendant climbed into her bedroom through the window. He searched her purse, clothes, clothes closet and dresser and then asked if she, or anybody else in the apartment had any money. When she told him that her sixty cents was all the money they had, he attempted to rape her.

The requirement that ownership of the premises and the property be stated upon a prosecution for burglary or attempted burglary, (*People* v. *Walker*, 7 Ill.2d 158, 161; *People* v. *Picard*, 284 Ill. 588, 591; *People* v. *Mendelson*, 264 Ill. 453, 457) is designed to enable the accused to prepare for trial, and to plead former acquittal or conviction

under the indictment in bar of a subsequent prosecution for the same offense.

That requirement is satisfied here, and the proof conforms to the indictment. The testimony of the complaining witness that she lived with her brother-in-law, Dennis, and that they paid the rent together was sufficient proof of a possessory interest in Dennis. (*People* v. *O'Brien,* 404 Ill. 236, 239; *People* v. *McCabe,* 306 Ill. 183, 187.) The evidence shows that the defendant intended to steal anything of value that he could find, and that he was not concerned with niceties of legal title as between Rosalie Nelson and Dennis. The absence of proof that Dennis owned any property in the apartment is unimportant. 2 Bishop on Criminal Law, 9th ed., sec. 114.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*