(No. 35192.—

The People of the State of Illinois, Defendant in Error, *vs.* Joseph M. Smith, Plaintiff in Error.

*Opinion filed Nov. 30, 1961.—Rehearing denied Jan. 22, 1962.*

WAYNE D. JOHNSON, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and WILLIAM L. CARLIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant was tried in the criminal court of Cook County under indictment 56-2256 for armed robbery, was found guilty, and sentenced to the penitentiary for a term of from 8 to 18 years. That conviction is not before us. Subsequently he was brought to trial on an entirely different charge, under indictment 57-100, also for armed robbery. After withdrawing a plea of not guilty, he entered a plea of guilty, and was sentenced to a term identical to and concurrent with that previously given under indictment 56-2256. He then filed in the trial court a petition for a post-conviction hearing alleging that his constitutional rights had been violated. The State's Attorney moved to dismiss the petition, and this motion was sustained by the trial court. Defendant was granted leave to file a writ of error as a poor person. The only judgment of which review is sought is that of the trial court in dismissing the post-conviction petition.

The violations of constitutional rights alleged in the petition were (1) that defendant was denied the effective assistance of counsel in that his counsel was denied reasonable time and full opportunity to prepare for trial, (2) that he was denied compulsory process for obtaining witnesses on his behalf, and (3) that he was intimidated and coerced

by public officials into pleading guilty to a charge of which he was innocent.

The transcript of the trial proceedings attached to defendant's post-conviction petition tends to establish affirmatively that petitioner's constitutional rights were not denied. It shows that defendant, in open court and while represented by counsel, changed his plea from not guilty to guilty, and that the trial judge went to even greater lengths than necessary in explaining the effect of such a plea. A voluntary plea of guilty waives any errors or irregularities in the proceedings not jurisdictional. Thus defendant cannot complain of any denial of constitutional rights unless there is some substance to his allegation that his plea of guilty was coerced. It appears that this allegation, like the other allegations of the petition, is based on the theory that by refusing to grant a continuance requested by defendant's attorney and forcing defendant to go to trial when he was unprepared, the trial court, in effect, coerced defendant into changing his plea from not guilty to guilty. The transcript of proceedings, however, indicates that the case was called for trial on a date that had been selected by defendant's counsel, that on that date the State was prepared to go to trial and had its witnesses in attendance, and that defendant's counsel, without having given any prior indication that he was not ready for trial and without showing any justifiable reason for not being prepared, requested a continuance. No proper ground for a continuance being stated, the court properly denied the request. The trial court properly allowed the State's Attorney's motion to dismiss.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*