(No. 37882.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* MICHAEL WAYNE PECK, Defendant in Error.

*Opinion filed November 26, 1963.*

WILLIAM G. CLARK, Attorney General, of Springfield, and ROBERT J. WAALER, State's Attorney, of Urbana, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ANDREW STECYK, Assistant State's Attorney, of counsel,) for the People.

SUMMERS, WATSON AND KIMPEL, of Champaign, for defendant in error.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The question in this case is the sufficiency of an indictment for burglary which charges the unlawful entry of a specified building "with intent to commit therein a theft," but does not name the person whose property the defendant intended to steal.

The indictment alleged that on January 16, 1963, the defendant, Michael Wayne Peck, "committed the offense of Burglary, in that he, without authority, knowingly entered into a building of Frank Sarnecki, doing business as Frank Sarnecki Enco Service Station, with intent to commit therein a theft  *  *  *." The defendant moved to

quash the indictment, the motion was granted, and the People have prosecuted this writ of error. Ill. Rev. Stat. 1961, chap. 38, par. 747.

The defendant's first objection to the indictment is that because it "failed to allege an intention to commit a theft from a certain person" it did not give him sufficient information to enable him to prepare his defense, and so violated his constitutional right to know the nature and cause of the accusation made against him.

A somewhat similar question was recently before us in *People* v. *Stewart,* 23 Ill.2d 161. There the indictment alleged the breaking and entry of a building "occupied and in the possession of Golden Cream Dairy Inc., a Corporation." The defendant argued that the indictment was fatally defective because it did not allege the ownership of the building, and in support of that argument he relied upon *People* v. *Picard,* 284 Ill. 588. In the *Picard* case it was flatly laid down that a burglary indictment that did not allege the ownership of the building entered was fatally defective. The court stated: "In an indictment for burglary the ownership of the building entered may be laid in the occupant, whose possession is rightful as against the burglar. (*Smith* v. *People,* 115 Ill. 17.) It is not sufficient, however, in the indictment to merely plead the evidence of ownership, but the ownership must be specifically alleged." 284 Ill. at 590, 591.

The opinion in the *Picard* case thus insisted that an indictment must allege ownership of the building unlawfully entered, although a conviction would be sustained upon proof that the person named as owner did not own the building, but was in possession of it. It is not apparent how the defendant could be aided by a rigid insistence upon an artificial allegation that need not be proved, and in *People* v. *Stewart,* 23 Ill.2d 161, 168, this court put an end to this insistence upon an empty formality.

Like the defendant in the *Stewart* case, the defendant

in the present case relies upon *People* v. *Picard,* 284 Ill. 588. In the course of the opinion in the *Picard* case it was stated that "In an indictment for burglary, where it is charged the breaking and entry were with the intent to commit larceny, the indictment must allege that the intent was to steal the property of some person." (284 Ill. at 591.) And because the indictment in that case described the property intended to be stolen from the railroad car as property "in the possession of said Illinois Central Railroad Company" it was held to be fatally defective.

The proposition thus asserted is that in order to prepare his defense to a burglary charge a defendant needs to be told not only the identity and location of the building that was unlawfully entered, (see *People* v. *Williams,* No. 37240 Ill. decided today,) but also the name of the owner of the property intended to be stolen from that building. This proposition assumes that, it is necessary to prove the identity of the owner of that property in order to establish the crime of burglary. The assumption is false. In *People* v. *Johnson,* 20 Ill.2d 336, the indictment charged an unlawful entry with intent to steal the personal goods of Charles Dennis. The judgment of conviction was affirmed, although there was no evidence that Charles Dennis owned anything that was contained in the burglarized premises. And in *People* v. *Figgers,* 23 Ill.2d 516, the indictment charged the defendant with unlawful entry into a building of Western Medical Corporation with intent to steal its property, and also alleged that the defendant had stolen its property. The conviction was sustained, although the proof was that the property actually taken was not the property of Western Medical Corporation, but belonged to a different corporation. See also, *People* v. *Weiss,* 367 Ill. 580, 586.

The conduct primarily proscribed by the burglary article of the Criminal Code of 1961 is the unlawful entry of the building of another, "with intent to commit therein a felony or theft." (Ill. Rev. Stat. 1961, chap. 38, par. 19—

1.) What the statute is concerned with is a generalized intent to commit a theft or felony within the building unlawfully entered. The indictment in this case charges the offense in the language of the statute, and the statute describes the offense with sufficient clarity. To require the allegation of a more particularized intent would be unrealistic. One who unlawfully enters a building to commit a theft is not concerned with "niceties of legal title" (see *People* v. *Johnson,* 20 Ill.2d 336, 338) or with the identity of the owner of the goods that he intends to steal. Because the primary concern in a burglary indictment is with the unlawful entry, the intended felony or theft need not be described with the same specificity that might be required in an indictment for larceny, or for the felony itself. (*Cf.* *People* v. *Peppas,* 24 Ill.2d 483, 486.) To the extent that *People* v. *Picard,* 284 Ill. 588, asserts a contrary view, that case is overruled.

The defendant's second objection to the sufficiency of the indictment asserts that because it does not identify the owner of the goods intended to be taken from the building. it fails to afford him protection against possible double jeopardy. No actual issue of double jeopardy is before us. The test usually applied to determine double jeopardy, however, is whether the evidence necessary to convict under the second prosecution would have convicted on the first. (*People* v. *Mendelson,* 264 Ill. 453.) Certainly it would appear that the position of the defendant insofar as double jeopardy is concerned is no worse under the more general form of indictment which we approve in this case, than it would be under a more particularized form.

The judgment of the circuit court of Champaign County is reversed, and the cause is remanded to that court, with directions to overrule the motion to quash.

*Reversed and remanded, with directions.*