**People of the State of Illinois, Appellee, v. Edward Henry, Jr., Appellant.**

Gen. No. 65–84.

Third District.

March 1, 1966.

Gary T. Rafool, of Peoria, for appellant.

George Kennedy, State's Attorney, of Peoria, for appellee.

CORYN, P. J.

This is an appeal by the defendant, Edward Henry, Jr., from the judgment of the Circuit Court of Peoria County entered on a verdict finding him guilty of burglary, and sentencing him to the penitentiary for a term of from 8 to 10 years. The defendant was indicted by the grand jury on July 26, 1962, and the next day was arraigned. At that time he was served with a copy of his purported confession and a list of witnesses, and the trial court appointed counsel to represent him. On September 11, 1962, defendant entered a plea of "not guilty," and on September 25, 1962, a jury was impaneled to try the case. On September 29, 1962, the jury reported to the court that it was unable to reach a verdict. On November 5, 1962, a second jury was impaneled, which, after a trial of the cause, returned its verdict on November 9, 1962.

The indictment alleges that the defendant "entered into the building owned by Joanna C. Dunne, [a/k/a Mrs. Emmett Dunne] . . . and Leslie Confort; said building [being] located at 1031 West Second Street, Peoria, Illi-

nois, . . . [and being] . . . leased and occupied by Harry H. Smith and Walter A. Reeves, Jr., copartners, doing business under the name and style of the Donald Duck Tavern." Mrs. Dunne testified that she owned the property at 1031 West Second Street, Peoria, Illinois, on June 28, 1962, the date of the alleged burglary, and was on said date leasing to Harry H. Smith and Walter A. Reeves, Jr., who thereupon operated the Donald Duck Tavern. Mrs. Dunne further testified that Leslie Confort previously owned an interest in said property, but that she bought his interest in December of 1961.

The defendant argues that because Confort's name was listed on the indictment as a co-owner, when in fact he had no interest in the premises on the date of the burglary, the indictment was materially defective. We find no merit in this argument. The indictment must allege, and the proof establish, that the ownership or right of possession of the building burglarized, was in a person or persons other than the accused. The purpose for this requirement is to enable the accused to prepare his defense to the charge of burglary, and to plead any former acquittal or convictions in bar of a subsequent prosecution for the same offense. People v. Zangain, 301 Ill 299, 133 NE 783; People v. Johnson, 20 Ill2d 336, 169 NE2d 776. "The premises involved are effectively identified, and the rights of the accused are fully protected by an indictment that charges the unlawful entry of a building in the possession of another." People v. Stewart, 23 Ill2d 161, at 168, 177 NE2d 237. In the instant case, the indictment alleged, and the proof established, that the property allegedly burglarized by the defendant was being leased and in the possession of Harry H. Smith and Walter A. Reeves, Jr., d/b/a Donald Duck Tavern, and was owned by Joanna C. Dunne. The fact that Leslie Confort, a former co-owner of the premises, was named in the indictment as an owner, was mere sur-

plusage, as the indictment clearly established the rights of ownership and possession in persons other than the defendant.

■ ■ The defendant next contends that the conviction must be reversed, as it violated the so-called "four month rule." At ch 38, § 748, Ill Rev Stats (1961), it is stated as follows:

> "Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court unless the delay shall happen on the application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable grounds to believe that such evidence may be procured at a later day, in which case the court may continue the cause for not more than sixty (60) days."

Here the defendant was originally arrested on June 28, 1962, and was first tried by a court having jurisdiction of the offense on September 25, 1962, well within the four-month rule. The first jury was discharged by the court on September 27, 1962, when it was unable to reach a verdict, and the second jury was impaneled on November 5, 1962, and returned a verdict on November 9, 1962. The second trial commenced four months and eight days from the date the defendant was originally arrested and imprisoned, but only thirty-nine days from the date the first jury was discharged. In People v. Jonas, 234 Ill 56, 84 NE 685, it was held that the four-month period begins to run anew from the date of the disagreement of a jury. The ruling of the Jonas case appears to have been modified somewhat by the language of People v. Gilbert, 24 Ill 2d 201, 181 NE2d 167, where the court indicated that the four-month rule did not necessarily begin to run anew

52

in every instance of a mistrial, but that consideration should be given to the defendant's constitutional right to a speedy trial, especially where the delay is not attributable to the defendant. In the instant case we are satisfied that defendant's constitutional right to a speedy trial, defined by the requirements of the "four month rule," were satisfied by the commencement of the second trial thirty-nine days from the date the first jury failed to agree, and four months and eight days from the date the defendant was originally incarcerated.

■ Defendant further contends that it was error for the court, over objection, to admit evidence of his prior conviction in Marshall County, Illinois, for burglary. At ch 38, § 734, Ill Rev Stats (1961), which was in effect at the time of this trial, it was provided that evidence of conviction of a crime may be shown for the purpose of affecting a witness's credibility. In the instant case, the defendant testified on his own behalf, and the prosecution, as part of its rebuttal evidence, offered the record of his prior conviction for burglary. Subsequently, the jury was instructed, by People's Instruction No. 11, and Defendant's Instruction No. 7, that no person should be disqualified as a witness in a criminal case by reason of his having been convicted of a crime, but that such conviction could be considered by the jury in determining the credibility and weight to be given to that witness's testimony. We find no error in this procedure. People v. Crump, 12 Ill2d 402, 147 NE2d 76; People v. Parks, 321 Ill 143, 151 NE 563; People v. Bartkus, 7 Ill2d 138, 130 NE2d 187.

■ ■ Defendant next argues that the jury verdict was contrary to the manifest weight of the evidence. It is our opinion that the record discloses sufficient evidence to support the jury's verdict. We do not believe it would serve any useful purpose to detail the evidence here. It is sufficient to state that the testimony of the convicted accomplice, Daniel Childs, implicating the de-

fendant, was corroborated by the testimony of several police officers and by defendant's written confession. We are also of the opinion that although certain remarks of the prosecutor in his final argument were improper, as contended, they do not constitute reversible error, where in each instance defendant's objection to the prosecutor's argument was sustained by the trial court, and the jury was properly instructed to disregard the remarks.

We find no reversible error in the record, and therefore the judgment of conviction is affirmed.

Affirmed.

ALLOY and STOUDER, JJ., concur.