(No. 42844.—

THE PEOPLE *ex rel.* Larry Ledford, Appellant, *vs.* ELZA BRANTLEY, Warden, Appellee.

*Opinion filed October 7, 1970.*

UNDERWOOD, C.J., and CULBERTSON, J., dissenting.

LARRY LEDFORD, *pro se.*

WILLIAM J. SCOTT, Attorney General, of Springfield, and ARCHIE BOB HENDERSON, State's Attorney, of Harrisburg, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE BURT delivered the opinion of the court:

On February 18, 1969, Larry Ledford entered a plea of guilty to an indictment for burglary in the circuit court of Saline County, and was sentenced to a term of 1 to 7 years in the Illinois State Penitentiary at Menard on February 20, 1969.

He did not pursue an appeal nor file a post-conviction petition but filed this petition for *habeas corpus* on September 19, 1969, in circuit court of Saline County. The petition states that (1) the plea of guilty was involuntary; (2) that the indictment was void; and (3) that the grand jury proceedings were void. In the view we take of the second point, the attack on the validity of the indictment, it will not be necessary to pass on the other points raised.

The indictment here charges burglary in the following language:

"The Grand Jury charges: That on August 29, 1968, in Saline County, Larry Ledford committed the offense of burglary in that he did then and there knowingly and without lawful authority enter into a dwelling in Harrisburg, Illinois, with intent to commit therein a theft, and did take without authority from is rightful owner, H. H. Barter, in violation of Paragraph 19—1, Chapter 38, Illinois Revised Statutes."

Respondent warden filed a motion to dismiss the petition and counsel was appointed to represent petitioner. On October 17, 1969, the court dismissed the *habeas corpus* petition. Petitioner was advised of his right to appeal and notice of appeal was filed on October 29, 1969.

Petitioner contends that the indictment here is defective because it fails to allege the ownership of the dwelling burglarized, or the property stolen and that such defect is not merely a procedural or technical error but that such defect is jurisdictional, and therefore the conviction is subject to attack by *habeas corpus*. He concedes that *habeas corpus* is not available to set aside a conviction on nonjurisdictional grounds only. (*People ex rel. Kelley* v. *Frye,* 41

Ill.2d 287; *People ex rel. Flowers* v. *Gruenewald,* 390 Ill. 79; *People ex rel. Geogetown* v. *Murphy,* 202 Ill. 493, 497.) It is the settled law of this State that the writ of *habeas corpus* cannot operate as a writ of review.

*Habeas corpus* is appropriate however to reach defects in an indictment which are jurisdictional, and the validity of an indictment is properly challenged by *habeas corpus* if it is in fact void. *People ex rel. Kelley* v. *Frye,* 41 Ill.2d 287.

The question then is whether the failure to set forth the ownership of the building is jurisdictional. In the case of *People* v. *Picard,* 284 Ill. 588, this court said at page 590: "An indictment or information must allege all the facts necessary to constitute the crime with which the defendant is charged, and if it does not set forth such facts with sufficient certainty it will not support a conviction. [Citation.] Except in so far as the rule may be changed by statute, an indictment for burglary, whether it comes under the common law or under a statute, must allege the ownership of the building broken or entered, if it is known, or it will be fatally defective. [Citation.]"

This court also stated in *People* v. *Pernalsky,* (a burglary indictment,) 332 Ill. 38, 39, that "The ownership of the building entered is an essential allegation in charging the offense of burglary. Where an allegation of ownership is necessary in an indictment the ownership must be alleged in a person, corporation or other identity that may be the owner of property."

Other cases to the same effect are: *People* v. *Smith,* 342 Ill. 600, and *People* v. *Knox,* 98 Ill. App. 2d 270. In *People* v. *Mosley,* 25 Ill.2d 400, at 402, it was held that "the ownership or possession of a dwelling is an essential allegation of an indictment alleging burglary, which allegation must be proved as laid in order to safeguard the accused against double jeopardy." 13 Am. Jur. 2d, Burglary, § 37.

In view of the fact that there is no allegation of ownership of the dwelling burglarized this indictment is fatally

defective. It is also noted that the indictment does not in any way describe any property taken.

The fact that defendant pleaded guilty to this indictment is immaterial. We have frequently held that a voluntary plea of guilty waives all errors or irregularities that are not jurisdictional. (*People* v. *Brown,* 41 Ill.2d 503, 505; *People* v. *Dennis,* 34 Ill.2d 219; *People* v. *Smith,* 23 Ill.2d 512.) The defect in the indictment in this instance is, however, jurisdictional, which renders the indictment void. It is therefore necessary to reverse the judgment of the circuit court, and to order the petitioner discharged.

*Judgment reversed; petitioner discharged.*

Mr. CHIEF JUSTICE UNDERWOOD, dissenting:

I cannot agree with the majority conclusion that this indictment is void.

Certainly the indictment is inartfully drafted, but it does charge: "That on August 29, 1968, in Saline County, Larry Ledford committed the offense of burglary in that he did then and there, knowingly and without lawful authority enter into a dwelling in Harrisburg, Illinois with the intent to commit therein a theft and did take without authority from its rightful owner, H. H. Barter, in violation * * *." The majority in unquestioning reliance upon *People* v. *Picard,* 284 Ill. 588, and its progeny, hold that the absence of an allegation of ownership of the building burglarized voids the indictment. While I am not quite certain what, if any, vitality remains in *Picard* after the attacks upon it in *People* v. *Peck,* 29 Ill.2d 480, and *People* v. *Stewart,* 23 Ill.2d 161, I am certain that the opinion of the court in this case resurrects the rigidly technical construction approach to criminal pleading questions which I thought we had abandoned with the advent of the Code of Criminal Procedure. *People* v. *Reed,* 33 Ill.2d 535; *People* v. *Blanchett,* 33 Ill.2d 527; *People* v. *Petropoulos,* 59 Ill. App. 2d 298, affd. 34 Ill.2d 179.

I find disturbing the court's reversion to an overly technical, highly unrealistic and completely undesirable type of formalism in pleading which is no longer necessary under the statute and serves no useful purpose. Neither article 19 of the Criminal Code defining burglary, nor articles 111 and 114 of the Code of Criminal Procedure, relating, respectively, to the form and contents of indictments and to pretrial motions (Ill. Rev. Stat. 1967, ch. 38, articles 19, 111, 114) contain any indication that an allegation of ownership of the burglarized building is an essential element of burglary without which an indictment therefor will be void. While I agree that identification of the burglarized premises is ordinarily a desirable allegation in an indictment for burglary, I certainly do not regard it as essential. Burglary is proscribed because it consists of an unauthorized invasion of a building or vehicle with intent to commit a felony or theft. It matters not a whit who owns the building as long as it is one as to which the entry is unauthorized. This indictment specifically charged the unlawful entry of the house. The purpose of identifying the owner or occupant is said to be protection of the accused against double jeopardy and to assist him in preparing his defense. As to the former, he is amply protected by the identification of the property by evidence in this record; as to the latter, defendant has only to ask for such identification as he needs and as he was given in this case.

The above-quoted indictment names "H. H. Barter" as an owner. It does not specify what he owns. But, if we are to persist in requiring an allegation of ownership which I believe no longer necessary, then I would hold this indictment sufficiently alleges ownership. (*People* v. *Grigsby*, 357 Ill. 141, 147.) It should be remembered that this case is before us on appeal from denial of a writ of *habeas corpus*, and that relief can be granted by this court only if this indictment completely fails to charge an offense. This is not a case in which a defendant is unaware of the details of the

424

crime or was denied available information. He was represented in the original proceedings by able counsel who filed numerous motions, including those attacking the indictment, for bills of particulars, discovery of evidence including statements by witnesses, documentary material, to interview witnesses, *etc.,* to name only a portion of the total considered by the court. Defendant was specifically provided with the address of the burglarized premises and the names of the Barters as witnesses. Defendant pleaded guilty to this indictment as the result of an apparently negotiated plea. At the time he did so, the assistant State's Attorney stated to the trial judge: "I believe we want to proceed on 68-253, with a Bill of Indictment charging Burglary of the residence of H. H. Barter, Harrisburg, Illinois." Following a more than adequate admonition by the trial judge, and entry of a plea, judgment and sentence, three other pending charges against defendant were *nolled.*

The foregoing facts are recited, not because they could validate a void indictment, but only to demonstrate the absence of any doubt whatsoever as to defendant's knowledge of the facts. And the record by its references to the Barters more than adequately protects defendant from again being placed in jeopardy on this offense. *People* v. *Johnson,* 20 Ill.2d 336, 337.

I would affirm the judgment of the circuit court of Saline County.

Mr. Justice Culbertson joins in this dissent.