820

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *v.* WILLIAM GEORGE, Defendant-Appellant.

(No. 69-54; ▮▮▮▮▮▮▮▮▮▮

Fifth District—November 19, 1970.

Harris & Lambert, of Marion, for appellant.

Archie Bob Henderson, State's Attorney, of Harrisburg, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant from a verdict of guilty returned by a jury and a sentence of 2 to 7 years in the penitentiary imposed by the trial court.

The indictment charged the defendant with burglary in the following language:

"That on August 29th, 1968, in Saline County, William George committed the offense of BURGLARY in that he did then and there knowingly, and without lawful authority, enter into a dwelling in Harrisburg, Illinois, with intent to commit therein a theft, and did take without authority from its rightful owner, H. H. Barter, in violation of Paragraph 19—1, Chapter 38, Illinois Revised Statutes."

■■ The indictment was not challenged in the trial court, either before or after verdict and judgment. Here, on direct appeal, it is contended that since it neither described the ownership of the building, nor described any property taken, that it charges no offense, and that the defect is fatal and cannot be waived.

In the case of *People ex rel. Larry Ledford v. Elza Brantley, Warden,* Docket No. 42844, Agenda 34, May 1970, opinion filed October 7, 1970, an indictment which was identical to this one except for the name of the person charged, was passed upon by the Supreme Court of Illinois in an appeal from a denial of a writ of *habeas corpus* by a defendant who had entered a plea of guilty to the indictment. The Supreme Court held the indictment was fatally defective; that the defect was jurisdictional and rendered the indictment void.

We therefore reverse the judgment of the Circuit Court of Saline County.

Judgment reversed.

MORAN and GOLDENHERSH, JJ., concur.