2 Ill. App.3d 817 (1972)
277 N.E.2d 764
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
TYRONE SPRINGS et al., Defendants-Appellants.
No. 71-40.
Illinois Appellate Court  Second District.
January 10, 1972.
Rehearing denied February 10, 1972.
*818 Howard T. Savage, of Chicago, for appellant.
Jack Hoogasian, State's Attorney, of Waukegan, (John V. Virgilio and Michael M. Sieman, Assistant State's Attorneys, of counsel,) for the People.
Judgments affirmed.
Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:
The defendants, Tyrone Springs and Dennis White, were jointly indicted for Burglary. Tried together before a jury, both were found guilty. Springs was sentenced to a term of 3 to 6 years; White to 4 to 8 years. Their separate notices of appeal have been consolidated. The sufficiency of the indictment and the propriety of the trial court's instructions are the issues raised.
The indictment charges the defendants with Burglary,
"in that they knowingly, without authority, entered a building, better described as a dwelling house, located at 932 McAlister Street, First *819 Floor Apartment, Waukegan, Lake County, Illinois, and occupied by Mary Jereb, with intent to commit therein a theft, * * *."
Defendants argue that the indictment is fatally defective because neither the ownership of the building nor proprietary interest in it is stated. They also claim that the indictment is further defective in failing to describe or allege any proprietary interest in the property said to be the object of the intended theft.
Defendants rely upon authorities which have held that the failure to allege ownership or proprietary interest in the building or premises broken or entered is a defect which is jurisdictional and thus fatal. E.g., People v. Picard (1918), 284 Ill. 588, 590; People ex rel. Ledford v. Brantley (1970), 46 Ill.2d 419, 421; People v. George (1970), Ill. App.2d, 264 N.E.2d 273.
The State responds that the current cases hold that the indictment need only refer to possession (e.g. People v. Henry (1966), 68 Ill. App.2d 48, 51); or occupancy (e.g. People v. Stewart (1961), 23 Ill.2d 161, 167, 168), or ownership (e.g. People v. Knox (1968), 98 Ill. App.2d 270, 272), which is rightfully in someone other than a defendant. The State concedes that there is a need to state an interest in someone other than a defendant, together with an unlawful entry by a defendant so that the person charged may be able to prepare for trial and plead a former judgment in bar of another prosecution for the same offense. It has also been said that an allegation of interest is required in order to show that the building was not the property of the accused and to negative his right to enter it. See The People v. Stewart, supra, at page 167.
 1 The State argues from the cited cases that the terms "occupancy" and "possession" are used interchangeably to connote a "right to possession that is lawful" as opposed to occupancy and possession of the premises by the burglar which is unlawful. Thus that the statement in this indictment of the defendants' unlawful entry into premises occupied by Mary Jereb at a specified address is a sufficient pleading to enable defendant to properly defend and to enable him to plead a judgment in bar of a subsequent prosecution, and to negative the defendants right to enter the premises. We agree.
Cases relied upon by the defendants are distinguishable. To the extent that People v. Picard, 284 Ill. 588, supra, rules that the ownership of the object of an alleged theft must be stated in the indictment, People v. Stewart, 23 Ill.2d 161, at page 168, supra, has overruled Picard.
 2 Stewart also states the rule that occupancy or possession of the burglarized premises may be pleaded rather than the legal title. Ownership, considered a required allegation by the Picard court, is no longer a necessary element of proof (See Ill. Rev. Stat. 1969, ch. 38, pars. 19, 111 *820 and 114), and the failure to allege ownership in the indictments does not void the charge. People v. Stewart, supra, at page 168; People v. Peck (1963), 29 Ill.2d 480, at page 483, 484.
People ex rel. Ledford v. Brantley, 46 Ill.2d 419, supra, followed in the People v. George, 264 N.E.2d 273, supra, are essentially relied upon by defendants. However, in Brantley, as well as in George, the court found neither an ownership allegation nor a reference to possession or occupancy in the indictment, and further found that there was no identification of the building burglarized. Here, the building was identified and occupancy by Mary Jereb, together with the unauthorized entry by defendants, was alleged.
The indictment charging these defendants with burglary was inartfully drawn but in our opinion is not void.
A stipulation was entered into at the trial that, Mary Jereb, if called, would testify that she is both the owner and occupant of the specified first floor apartment; that on March 27th, 1970, she gave no one permission or consent to enter her apartment, nor permission to move the T.V. set or radio into the kitchen area by the back door. Thus defendants cannot claim, and in fact do not claim, that there is a variance between the indictment and proof.
 3 At trial, defense counsel tendered I.P.I. Criminal Instruction 3.02 ("You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence * * *") pertaining to circumstantial evidence, and also tendered an instruction relative to the weight of police testimony, which is not found in I.P.I. Criminal. The defendants have argued that the State's case consists entirely of circumstantial evidence relative to whether they broke the window, entered Mary Jereb's apartment, ransacked the place and started to remove her T.V. set and radio. Defendants argue that the testimony of the three arresting officers dealt only with occurrences during and after the departure of the burglar or burglars from the apartment building and that therefore there was no direct evidence of the guilt of the defendants and therefore that it was error to refuse the tendered instruction. Here, the proof was that the officers were approximately 20 feet from the doorway of the burglarized house when they saw the defendants emerge from the apartment. Under these circumstances we cannot say that the proof was entirely circumstantial. The trial court exercised sound discretion in refusing the instruction.
 4 We also find no error in the court's refusal of Defendants' Instruction No. 2. In substance, this was an instruction that the testimony of law enforcement officers is not entitled to be given greater weight merely because they are officers but that their testimony should be weighed and *821 considered the same as in the case of the testimony of other witnesses. There was no issue as to the weight of testimony for the jury to consider since the officers were the only witnesses to testify at the trial. Moreover, the court gave People's Instruction No. 2 (I.P.I. Criminal 1.02) which made the jury the sole judges of the credibility of the witnesses and of the weight to be given to the testimony and instructed them to take into account any interest, bias or prejudice that a witness may have and the reasonableness of his testimony. The jury was properly instructed.
The judgments of conviction are therefore affirmed.
Judgments affirmed.
ABRAHAMSON and MORAN, JJ., concur.