(No. 72-19; )

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENNETH DAVIS, Defendant-Appellant.

Fifth District—June 29, 1972.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, for appellant.

R. Corydon Finch, State's Attorney, of Jonesboro, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant entered a plea of guilty to an information charging him with the offense of burglary and was sentenced to one to three years imprisonment. The sole issue raised by defendant in this appeal is whether the information sufficiently alleges the ownership of the building burglarized.

The information in question reads: "That on October 30, 1971 in Union County, Kenneth Davis and Owen Birdsong, Jr. committed the offense of burglary in that defendants, when without authority, knowingly entered a building, namely The Anna Junior High School building located at 301 South Green Street in Anna, Illinois, with intent to commit therein a Theft, in violation of Paragraph 19—1(a), Chapter 38, Illinois Revised Statutes."

Defendant argues that the information is void for its failure to allege that the ownership of the building was in an entity other than the defendant. The ownership of the building could have been shown by the addition "District Number 37" after the "Anna Junior High School."

At one time an allegation of ownership of the premises was an indispensable part of an indictment for the crime of burglary (see *People v. Picard,* 284 Ill. 588, 120 N.E. 546) but in *People v. Stewart* (1961), 23 Ill.2d 161, 177 N.E.2d 237, the requirement of an allegation of ownership was termed an "empty formality," the court stating:

"Our opinions have emphasized that the purpose of the requirement

that the ownership of the building be stated is to enable the accused to prepare for trial, and to plead former acquittal or conviction under the indictment in bar of another prosecution for the same offense. * * * It has also sometimes been said that such an allegation is required in order to show that the building was not the property of the accused and to negative his right to enter it. * * * When an allegation of ownership may be established, not by proof of ownership but by proof of occupancy and possession, a requirement that ownership must be alleged has become an empty formality. The premises involved are effectively identified, and the rights of the accused are fully protected by an indictment that charges the unlawful entry of a building in the possession of another. We hold, therefore, that the indictment in this case is sufficient."

This position was reaffirmed in *People v. Peck* (1963), 29 Ill.2d 480, 194 N.E.2d 245 and *People v. Whittaker* (June 1970), 42 Ill.2d 491, 259 N.E.2d 787. These Supreme Court decisions have been followed by Appellate decisions. *People v. Springs*, 2 Ill.App.3d 817, 277 N.E.2d 764 (1972) and cases cited. Approximately four months after the decision in *Whittaker* the Supreme Court decided *People ex rel. Ledford v. Brantley* (October 1970), 46 Ill.2d 419, 263 N.E.2d 27, in which the majority completely omitted any mention of or reference to the *Stewart, Peck* and *Whittaker* cases and returned to the rule followed prior to the *Stewart* case, holding, "In view of the fact that there is no allegation of ownership of the dwelling burglarized this indictment is fatally defective." The *Brantley* case was followed by this court in the case of *People v. George*, 130 Ill.App.2d 820, 264 N.E.2d 273 which was a case where the indictment was identical to that in the *Brantley* case except for the name of the defendant.

The indictment in the *Brantley* case was as follows: "That on August 29, 1968, in Saline County, Larry Ledford committed the offense of burglary in that he did then and there knowingly and without lawful authority enter into a dwelling in Harrisburg, Illinois, with intent to commit therein a theft, and did take without authority from is (sic) rightful owner, H. H. Barter, in violation of Paragraph 19—1, Chapter 38, Illinois Revised Statutes." We think it noteworthy that the indictment not only fails to allege ownership of the premises it also failed to allege either its location or possession. The indictment in the case under consideration stands in sharp contrast to that of the *Brantley* case. Not only was the name of the building properly stated (a public school building with no possibility of confusion or duplication of name), it also listed the street address of the building. It is difficult to see how the identity and location of the building could be more specifically stated. Certainty

would not be enlarged by the allegation that the school building in question was the property "of District Number 37." To require such an addition would indeed be an "empty formality." The building described in the information is clearly in possession of another than defendant, clearly not the property of defendant and effectively identified as to location. These factors are more than adequate advise to defendant to enable him to know the crime with which he is charged, to enable him to prepare a defense and to plead the judgment in bar of a future prosecution.

Since on the basis of the wording of the indictment the instant case is closely aligned with *Stewart, Peck* and *Whittaker* and disparate with the wording of the indictment in *Brantley,* we feel compelled to hold the indictment sufficient. Under strikingly similar circumstances the same result was reached in *People v. Springs, supra.*

Judgment affirmed.

G. MORAN, P. J., and CREBS, J., concur.