THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELVIN LYNN ALLSOP, Defendant-Appellant.

(No. 71-122;

Fifth District—July 19, 1972.

Kenneth L. Gillis, of Defender Project, of Chicago, (Harry C. Z. Bell, of counsel,) for appellant.

Philip L. Turner II, State's Attorney, of Shelbyville, for the People.

PER CURIAM:

Defendant entered a plea of guilty to a two-count information charging him with the offense of burglary (Ill. Rev. Stat. 1969, ch. 38, par. 19—1) in the first count and the theft of property of less than $150 in value (Ill. Rev. Stat. 1969, ch. 38, par. 16—1) in the second count.

The first question raised by defendant in this appeal is whether the first count of the information is fatally defective because it does not sufficiently allege the ownership of the building burglarized. The first count reads as follows:

"[S]aid defendant * * * knowingly and without authority, entered into a certain building located in the Village of Mode, County of Shelby and State of Illinois, more particularly known as Arthur's Grocery Store, without authority and with the intent to therein com-

mit the crime of theft, in violation of paragraph 19—1, Chapter 38, Illinois Revised Statutes, 1969."

Count I of the information was fatally defective for failure to allege the premises burglarized were owned, possessed or occupied by a person other than defendant. The decisions of this state have consistently held that some such allegation is required. (*People ex rel. Ledford v. Brantley,* 46 Ill.2d 419, 263 N.E.2d 27; *People v. Stewart,* 23 Ill.2d 161, 177 N.E.2d 237; *People v. Berndt,* 101 Ill.App.2d 29, 242 N.E.2d 273.) Merely setting forth such a descriptive name as "Arthur's Grocery Store" was clearly inadequate to indicate ownership or possession of the building. *People v. Witcher,* 121 Ill.App.2d 57, 257 N.E.2d 149.

We do not find it necessary to consider other contentions of defendant.

For the foregoing reasons, the judgment of the trial finding defendant guilty of burglary in violation of Ill. Rev. Stat. 1969, ch. 38, par. 19—1, on his plea of guilty is reversed. The judgment finding defendant guilty of theft in violation of Ill. Rev. Stat. 1969, ch. 38, par. 16—1, on his plea of guilty is affirmed.

Affirmed in part; reversed in part.