THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD E. WOLF, Defendant-Appellant.

(No. 72-69;

Second District—October 19, 1972.

Paul Bradley, of Defender Project, of Elgin, for appellant.

William R. Ketcham, State's Attorney, of Geneva, (Leo Wotan, Jr. and W. Ben Morgan, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The defendant, Donald E. Wolf, entered a plea of guilty to an indict-

ment for the offense of burglary and was sentenced to a term of two to six years imprisonment in the penitentiary. On appeal, the defendant contends that the judgment of conviction should be reversed because (1) the indictment was fatally defective; and (2) the court failed to determine the factual basis for his plea of guilty before it was accepted.

The indictment charged that Wolf, on August 25, 1970,

> "* * * at approximately 2:45 A.M. at or near the intersection of South Lake Street and Gale Street, in the City of Aurora, Kane County, Illinois, committed the offense of burglary in violation of Chapter 38, Section 19—1 of the Illinois Revised Statutes, in that he then and there, without authority knowingly entered a building, to wit: that commonly known as the Country Cupboard at or near the above intersection, with the intent to commit therein a felony or theft."

It was formerly held that an indictment for burglary had to allege ownership of the building broken or entered. *People v. Picard*, 284 Ill. 588, 590; *People v. Pernalsky*, 334 Ill. 38, 39.

In 1961, our Supreme Court considered an indictment wherein it was alleged that the defendant entered a building "* * * then and there occupied and in the possession of Golden Cream Dairy, Inc. * * *." (*People v. Stewart*, 23 Ill.2d 161.) The court held that the requirement that the indictment allege actual ownership of the building had become "an empty formality" and that the allegation as to possession of the building was sufficient.

Since then, the cases have held that an indictment for burglary is not defective, if otherwise sufficient, if it contains an allegation as to the ownership, possession or occupancy of the building entered. (*People v. Knox*, 98 Ill.App.2d 270, 272, 240 N.E.2d 426; *People v. Henry*, 68 Ill.App.2d 48, 51, 214 N.E.2d 550.) We have recently held that a burglary indictment charging the defendant with entering a dwelling "* * * occupied by Mary Jereb" was not defective. *People v. Springs*, 2 Ill.App.3d 817, 277 N.E.2d 764, 766.

■■ On the other hand, it is still essential that the indictment contain some allegation as to the rights of ownership, possession or occupation of the premises in someone other than the accused. Accordingly, indictments for burglary have been held defective where they alleged only entry "* * * into a dwelling in Harrisburg, Illinois * * *" (*People ex rel. Ledford v. Brantley*, 46 Ill.2d 419, 263 N.E.2d 27, 28), or entry into "* * * the Clark Oil Refining Building * * *" (*People v. Witcher*, 121 Ill.App.2d 57, 257 N.E.2d 149, 151), or "* * * into a certain building * * * more particularly known as Arthur's Grocery

Store * * *." *People v. Allsop,* 6 Ill.App.3d 688, 286 N.E.2d 387, 388. ■ ■ The indictment in this case is obviously defective since it only describes the building as "* * * commonly known as the Country Cupboard * * *" and makes no allegations whatsoever as to the ownership or possession of the building.

We have considered the dissenting opinion filed in the *Brantley* case, pointed out to us by the State, and note that the dissent was based, at least in part, on the fact that the indictment in that case did identify an owner, although failing to specify if he was the owner of the building entered or the goods stolen.

■ ■ We conclude that the indictment was defective and that the judgment of conviction must be reversed notwithstanding the plea of guilty since the defect was jurisdictional and not, therefore, waived by that plea. *People ex rel. Ledford v. Brantley,* 46 Ill.2d 419, 263 N.E.2d 27.

In view of our determination, it is not necessary to consider the other assignment of error raised by the defendant.

The judgment of conviction is reversed.

Judgment reversed.

T. MORAN and GUILD, JJ., concur.