THE PEOPLE *ex rel.* EARL BORGMANN, Petitioner-Appellant, *v.* ELZA BRANTLEY, Warden, Illinois State Penitentiary at Menard, Respondent-Appellee.

(No. 73-45; )

Fifth District—December 10, 1973.

Robert E. Farrell, Deputy Defender, of Mount Vernon (Richard E. Cunningham, Assistant Appellate Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield and Walter E. Moehle, State's Attorney, of Nashville (James B. Zagel and Ronald Hanna, Assistant Attorneys, General, of counsel), for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

In June, 1972, pursuant to a plea agreement, Earl Borgmann, herein referred to as defendant, pleaded guilty to one count of a five count burglary indictment and was sentenced to the penitentiary for a term of not less than two nor more than five years. In November, 1972, defendant's petition for a writ of habeas corpus, alleging that the indictment was fatally defective, was denied by the Circuit Court of Washington County, and it is from this order that the present appeal is taken.

The indictment alleged, "That on or about September 9, 1971, at and within the Village of Okawville in Washington County, Illinois, Earl Borgmann committed the offense of burglary when he, without authority, knowingly entered a building, the Okawville Community High School, with intent to commit therein a felony or theft in violation of Ill. Rev. Stat. 1969, ch. 38, par. 19—1."

Defendant attacks the validity of the indictment on the grounds that it is void for uncertainty in that the disjunctive language of the statute was used in alleging an intent to commit a "felony or theft", and further, that the mere naming of the building entered as the Okawville Community High School constituted an insufficient allegation of ownership, occupancy, or possession in one other than defendant.

■■ We have recently decided the precise issue raised by defendant's first contention. (*People v. Smith*, 15 Ill.App.3d 61; *People v. Turner*, 15 Ill.App.3d 64.) We there held that such use of the statutory language did not render the charge of burglary so uncertain as to deprive defendant of the opportunity to prepare his defense, nor did it preclude him from pleading his conviction in bar of a subsequent prosecution for the same unauthorized entry. We adopt here the same reasoning and conclusions reached in said cases and find the indictment sufficient as against this contention.

■■ With respect to defendant's second contention it is true that at one time an allegation of ownership in one other than defendant was an indispensable part of an indictment for the crime of burglary. (*People v. Picard* (1918), 284 Ill. 588.) However, as conceded by defendant, this requirement as to legal title has now been modified so that an allegation as to the right of occupancy or possession of a building in one other than defendant is sufficient. (*People v. Stewart*, 23 Ill.2d 161; *People v. Peck*, 29 Ill.2d 480; *People v. Whittaker*, 45 Ill.2d 491.) As stated in these cases, an allegation of a right of occupancy or possession fulfills the purpose of the original rule requiring an allegation of ownership, *i.e.*, it negatives defendant's right to enter the building, enables him to prepare his defense, and to plead his acquittal or conviction in bar of a subsequent prosecution for the same offense. The specific question posed here is whether the allegation that defendant knowingly and without authority entered the "Okawville Community High School" is sufficient to meet these requirements.

The State cites *People v. Davis*, 6 Ill.App.3d 507, as being dispositive of this issue, and we agree. There the indictment charged the accused with the unauthorized entry of a building, "* * * namely The Anna Junior High School building, located at 301 S. Green Street in Anna, Illinois." We held the indictment sufficient stating that to have enlarged the allegation to state that the building was the property of a certain School District would have been an empty formality, that the building as described was clearly in he possession of another than defendant, was clearly not the property of defendant, and that its identity and location were specifically stated. It was then concluded that, "* * * these factors are more than adequate advice to defendant to enable him to

know the crime with which he is charged, to enable him to prepare his defense, and to plead the judgment in bar of a future prosecution."

In endeavoring to distinguish *Davis,* defendant argues that if the School District is not included in the allegation then the school's specific location must be set forth by street address in order to bar a subsequent prosecution for the same offense. He cites *People v. Witcher,* 121 Ill.App.2d 57, in which the "Clark Oil Refining Building" was held inadequate as being merely the descriptive name of a building; and *People v. Allsop,* 6 Ill.App.3d 688, in which "Art's Grocery Store" was likewise held inadequate for the same reason. In our opinion these cases are relevant only in pointing out the very crux of the question at issue, *i.e.,* is Okawville Community High School merely the descriptive name of a building, or, is it a definitive name indicating ownership, occupancy, or possession in the school system? We believe with *Davis* that it is the latter, and that to state it more specifically would be an empty formality. Nor do we read any requirement in *Davis* that in the absence of naming the School District the school's specific location must be set forth by street address. It is the definitive name of the school that determines ownership, occupancy or possession on one other than defendant, and the street address adds nothing to this determination. Furthermore, defendant's concern that in the absence of a street address he may later be subjected to double jeopardy is obviated by the fact that the specific address may be produced from the record as parol evidence in any subsequent prosecution in order to establish the defense of prior jeopardy. *People v. Bremer,* 57 Ill.App.2d 436.

We conclude that the indictment herein was sufficient under the principles above set forth, and the judgment of the Circuit Court of Washington County is affirmed.

Affirmed.

EBERSPACHER, P. J., and G. MORAN, J., concur.