THE PEOPLE *ex rel.* RICHARD SMITH, Petitioner-Appellant, *v.* ALLYN SIELAFF, Director of the Illinois Department of Corrections, Respondent-Appellee.

(No. 75-92; ▮▮▮▮▮▮▮▮

Fifth District—July 2, 1975.

Richard Smith, *pro se.*

Herbert J. Lantz, State's Attorneys, of Chester (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for appellee.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

In November 1961 the petitioner was indicted by the grand jury of Rock Island County, Illinois, for the alleged offense of burglary. In January 1962 petitioner pleaded guilty to the indictment and was sentenced to not less than 5 years nor more than 30 years in the Illinois State Penitentiary.

On February 6, 1975, petitioner petitioned the Randolph County circuit court for a writ of habeas corpus requesting his release. In February 1975 that court denied relief. This is an appeal from that denial.

■■ The basis for the appeal is that the indictment was insufficient and hence void.

The indictment stated:

> "Aforesaid, feloniously, burglariously, wilfully, maliciously and forcibly did break and enter the building, to-wit: store building, of Robert Ackerman and Howard Ferguson, doing business as A & F Food Market No. 1, 601—4th Street, Rock Island, Illinois, there situate, with intent then and there therein unlawfully, feloniously, burglariously, wilfully and maliciously to steal, take and carry away divers goods and chattels of the said *Robert Ackerman and Howard Ferguson,* doing business as *A & F Food Market No. 1, 601—4th Street, Rock Island, Illinois* then and there being in the said *building, to-wit: store building.*"

Petitioner maintains that this indictment is void because it does not state ownership with clarity, does not state that A & F Food Market is a corporation, does not specify that an offense has been committed, does not allege that a specific statute has been violated and does not allege that petitioner entered said premises without lawful authority. However, the only one of these alleged defects for which petitioner presents any argument or precedent is his contention that ownership is not stated with clarity. Petitioner cites *People v. Picard,* 284 Ill. 588, 589, 120 N.E. 546, in which the indictment alleged that a box car, which it was claimed the defendant entered feloniously, was "* * * being used by and in the possession of the Illinois Central Railroad Company * * *." The indictment stated further "* * * being a Cudahy Milwaukee Refrigerator Line car numbered two thousand thirty-five, (2035,) * * *." We agree with petitioner that these statements do not clearly indicate ownership in either the Illinois Central Railroad Co. or in anyone else. However, in the instant case the indictment states that the building in question was a "* * * store building *of* Robert Ackerman and Howard Ferguson, doing business as A & F Food Market No. 1, 601—4th Street,

Rock Island, Illinois * * *." In our opinion this clearly alleges owner-ship of the building in Ackerman and Ferguson and further states that they are carrying on the business of A & F Food Market. We do not find any lack of clarity in the statement of ownership. Furthermore, it is not essential to state that an organization is a corporation when all the parties involved have been named. In the instant case they have been named. In *People v. Peck*, 29 Ill.2d 480, 481, 194 N.E.2d 245, "* * * entered into a building *of* Frank Sarnecki, doing business *as* Frank Sarnecki Enco Service Station * * *" was held sufficient. (Emphasis added.) We find no distinction between *Peck* and the instant case.

In view of the language used in the indictment it is difficult for us to see how petitioner can claim that there is no specification of the commission of an offense or that there is a failure to allege that petitioner entered the premises without lawful authority.

Though petitioner advances no argument in support of his contention that failure to allege a specific statute voids the indictment, we feel this issue should be clarified. Section 111—3(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, § 111—3(a)) states that, "A charge shall be in writing and allege the commission of an offense by: * * * (2) Citing the statutory provision alleged to have been violated;" In *People ex rel. Goznelli v. Brantley*, 49 Ill.2d 383, 275 N.E.2d 396, an indictment for forgery did not cite the statute. The court considered this failure and decided that it was not fatal. It pointed out that prior to the adoption of the Code of Criminal Procedure there was no requirement that the specific statute be cited and indictments which failed to cite the statute were upheld. At page 384 the supreme court said: "In our judgment, this conclusion is still valid, notwithstanding the fact that the omission of the statutory provision is now in derogation of the statutory 'Form of Charge'." Again at page 385 the court said that this failure was "* * * a formal, nonjurisdictional defect." The court in *Brantley* pointed out further that the sections of the Code specifying grounds for a motion to dismiss an indictment (§ 114—1) and for a motion in arrest of judgment (§ 116—2) do not specify failure of an indictment to cite the statute allegedly violated as being grounds for relief. Furthermore, compliance with this provision could have been obtained at the trial court level with a bill of particulars.

Affirmed.

G. MORAN and EBERSPACHER, JJ., concur.